IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| KENNY RAY CRAIG, SR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number: **3:13cv024** |
| ) | |
| JASON MEDLIN, WARDEN ) | |
| ) | |
| Defendant. ) | |

### ANSWER OF DEFENDANT MEDLIN

The following is the answer of defendant Jason Medlin.

### FIRST DEFENSE

The plaintiff fails to state a claim upon which relief may be granted against defendant Jason Medlin.

### SECOND DEFENSE

Defendant Medlin cannot be held liable for actions of other named defendants in which he did not participate, did not direct, authorize and did not ratify.

### THIRD DEFENSE

The defendant denies that the plaintiff has been deprived by him of any rights, privileges, or immunities secured by the Constitution of the United States or the State of Georgia, or otherwise by law.

### FOURTH DEFENSE

The Complaint may fail to state a claim over which the court may exercise jurisdiction if the plaintiff failed to exhaust available administrative remedies prior to filing his lawsuit, as is required by the Prison Litigation Reform Act. Otherwise, the plaintiff is not entitled to recover

compensatory or punitive damages in the absence of injury as defined by the Prison Litigation Reform Act. His claim may also be barred by the three strikes provision of the PLRA.

### FIFTH DEFENSE

Any injuries or damages allegedly sustained by the plaintiff were directly and proximately caused by the actions of the plaintiff.

### SIXTH DEFENSE

Any injuries or damages allegedly sustained by the plaintiff were directly and proximately caused by the plaintiff's voluntary assumption of a known risk.

### SEVENTH DEFENSE

No act or omission of this defendant caused or contributed to any of the plaintiffs alleged injuries or damages, if any.

### EIGHTH DEFENSE

Defendant Medlin responds to the plaintiff's allegations as follows:

**Part I: Previous Lawsuits:**

The defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph I of the plaintiff's complaint.

**Part II:**

So much of the allegations of paragraph two are admitted as show the plaintiff was at one time assigned by the Georgia Department of Corrections to Wheeler Correctional Facility.

A. The defendant admits the allegations of subparagraph A, there is a grievance procedure at Wheeler Correctional Facility.

B. The defendant lacks information sufficient to form a belief as to the truth of the allegations of paragraph B.

C. The defendant lacks information sufficient to form a belief as to the truth of the allegations of paragraph C.

D. No response required.

**Part III:**

There is no part three to plaintiff's form complaint.

**Part IV: Parties**

A. The allegations of paragraph A are denied. Jason Medlin is not the plaintiff in this case. However, it is admitted, Jason Medlin is the warden of Wheeler Correctional Facility.

B. The plaintiff has named Brain Owens. However, the court has not allowed process to issue against Brian Owens.

C. The plaintiff has named Corrections Corporation of America. However, the court has not allowed process to issue against Corrections Corporation of America.

**Part V. Statement of Claim:**

The defendant denies the allegations of Counts one, two and three as being a true and accurate account of events contained therein.

**Part VI: Relief**

The defendant denies the plaintiff is entitled to the relief listed in paragraph VI or to any other relief.

**Plaintiff's Handwritten Attachment**

**Supplemental A Count One Facts**

1.  So much of the allegations of paragraph one are admitted as show the plaintiff was transferred to Wheeler Correctional Facility in which defendant Medlin is the warden.

2.  The allegations of paragraph two are denied.

3.      The defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph three.

4.      The defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph four.

5.      The defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph five.

6.      The defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph six.

7.      The defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph seven.

8.      The defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph eight. However, it is denied that defendant Medlin was aware of the circumstances alleged in paragraph eight. The defendant also shows on information and belief that the plaintiff prisoner did not make a written request for protective custody, though he could have done so.

9.      On information and belief the allegations of paragraph nine are denied as being a complete, true and accurate account of the events described.

10.     On information and belief, the defendant denies paragraph ten as being an accurate account of events contained therein.

11.     On information and belief, it is admitted plaintiff prisoner was attacked by other inmates and was injured on October 7, 2011. The defendant lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph eleven.

12. The defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph twelve.

13. The defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph thirteen except that the plaintiff was injured and did receive medical treatment.

14. The defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph fourteen.

15. On information and belief the allegations of paragraph fifteen are denied.

16. The defendant incorporates his responses above.

17. The allegations of paragraph seventeen are denied.

18. The allegations of paragraph eighteen are denied.

19. The allegations of paragraph nineteen are denied as being a true and accurate account of events contained therein.

20. So much of the allegations are admitted as show in October of 2011, the grievance procedure required by the Georgia Department of Corrections included an informal grievance step. The remaining allegations of paragraph twenty are denied.

21. The defendant incorporates his responses above.

22. The defendant lacks information sufficient to form a belief as to the truth of the allegations of paragraph twenty-two.

23. The defendant lacks information sufficient to form a belief as to the truth of the allegations of paragraph twenty-three except that the Georgia Department of Corrections does conduct periodic audits.

24.     The defendant lacks information sufficient to form a belief as to the truth of the allegations of paragraph twenty-four except that the Georgia Department of Corrections does conduct periodic audits.

25.     The defendant lacks information sufficient to form a belief as to the truth of the allegations of paragraph twenty-five.

## Supplement to Previous Lawsuits:

1-8.    The defendant lacks information sufficient to form a belief as to the truth of the averments in paragraphs one through eight, supplement to previous lawsuits

All allegations of the plaintiff's complaint not heretofore specifically admitted are hereby denied.

WHEREFORE, the defendant prays the court:

a.  That judgment issue for the defendant and that the plaintiff's Complaint be dismissed with costs assessed against the plaintiff;

b.  That the defendant have a trial by jury;

c.  That all relief requested in the plaintiff's complaint be denied; and

d.  That the court afford such other and further relief as it deems necessary and proper.

This __31st__ day of _July_____, 2013.

Respectfully Submitted:

_____S/Stephen E. Curry_____
STEPHEN E. CURRY,           202500
Attorney for Defendant Medlin

STEPHEN E. CURRY
3508-C Professional Circle
Augusta Georgia 30907-8232

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has this day served the Plaintiff with the foregoing Answer of Defendant Cole by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto as is required by law to:

>Mr. Kenny Ray Craig, Sr.
>GDC 758338
>Riverbend Correctional Facility
>196 Laying Farm Road
>Milledgeville Georgia 31061

This __31st__ day of _____July_____, 2013.

>Respectfully Submitted:
>
>_____S/Stephen E. Curry_____
>STEPHEN E. CURRY,                202500
>Attorney for Defendant Medlin

STEPHEN E. CURRY
3508-C Professional Circle
Augusta Georgia 30907-8232